UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 14-CR-61-JPS |
| v. | |
| CHAUNCEY BOARDEN, | ORDER |
| Defendant. | |

On March 11, 2014, a federal grand jury returned an eight-count indictment against Chauncey Boarden ("Boarden") and seven other defendants. (Docket #1). Boarden is charged in Count One of the indictment with conspiracy to distribute 100 grams or more of a mixture and substance containing heroin, in violation of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(B). Indictment at 1-2. Boarden entered a plea of not guilty on April 4, 2014. (Docket #47). On June 10, 2014, Boarden filed a motion for an evidentiary hearing and motion to suppress; subsequently, the government filed a brief in opposition, and Boarden replied. (Dockets #81, #82, #83). On June 26, 2014, the court issued an order denying Boarden's motion for an evidentiary hearing and granting his motion to suppress. (Docket #86). The matter comes before the court on the government's motion for reconsideration, along with Boarden's response thereto. (Dockets #87, #91).

1.  Legal Standard

The Federal Rules of Criminal Procedure do not delineate authority for a party to file a "motion for reconsideration" of a previous court ruling. *See United States v. Griffin*, 84 F.3d 820, 826 n. 4 (7th Cir. 1996) ("We are at a

loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a motion to reconsider…[t]here is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration.'"). When faced with such a motion in a criminal case, courts typically apply the established standard applicable in civil cases. In civil litigation, a motion for reconsideration serves a very limited purpose; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

2. Analysis

The government suggests that the court committed both procedural and substantive errors in its adjudication of Boarden's motion to suppress. First, as a procedural error, the government argues that the court's adjudication went beyond the parties' arguments because the sole question before the court was whether Boarden's motion required an evidentiary hearing, and not whether the evidence against Boarden ought to be suppressed. Motion (Docket #87) at 1-2. Second, the government further argues that the court's analysis of the facts contained in the police report overlooked critical facts and reasonable inferences that the court should have drawn from the report. Motion at 3. Boarden filed a response, addressing

both arguments. (Docket #91). The court now considers each of the government's arguments in turn.

First, the court takes exception to the government's contention that the scope of Boarden's motion was limited to the necessity of an evidentiary hearing, and that the question of suppression was not properly before the court. Boarden's motion requested an evidentiary hearing, but it also laid out the facts animated in the police report, cited cases applying legal standards to factually-similar cases, and articulated suppression as relief. Motion to Suppress (Docket #81) at ¶ 1; ¶¶ 3- 4, 6; ¶ 5. In its opposition brief, the government addressed the request for an evidentiary hearing, but then continued as follows: "[m]oreover, in the absence of a material factual dispute, the United States requests that the defendant's motion to suppress be denied." Opposition (Docket #82) at 4. The government then articulated its argument as to why the suppression motion ought to be denied. Opposition at 4-6. Boarden's reply brief argued for an evidentiary hearing, and then proceeded to argue that suppression is required if the court declines to hold a hearing and decides the motion "on just the police reports." Reply Brief (Docket #83). All of this is to say: both parties briefed not only the question of whether an evidentiary hearing was required, but also the more substantive question of whether the evidence ought to be suppressed based on the facts as detailed in the police reports. The court disagrees with the government's argument that the court's ruling went beyond the scope of the briefs and, accordingly, the court will not grant the government's motion for reconsideration on that basis.

Similarly unpersuasive is the government's argument that the court manifestly erred in its analysis. First, as Boarden notes, the government had ample opportunity to raise its arguments in opposition to suppression, and it took that opportunity. Response at 4. Boarden is right to object to the court's consideration of the government's new, elaborated argument because a motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (citation). Instead, the court should grant reconsideration only if the movant establishes a manifest error of fact or law. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). To that end, the government offers a list of thirteen facts and inferences, alleging that the court manifestly erred by failing to consider them. First, this order need not further address several items on the list because the government's first round of briefing, and the court's previous order, explicitly recited these facts as part of the record. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (explaining that a motion for reconsideration is proper when the court "has made an error not of reasoning but of apprehension."). These facts include: that the officers pulled behind the minivan to check the license plate; that the driver, Wilson, dropped his cell phone on the street and disregarded it; that the officers saw the same minivan on the road about an hour later; that Wilson dropped his

keys when he exited the vehicle the second time;[1] and that the officers decided to conduct a field interview and ordered Wilson and Boarden back to the minivan. These are all facts that the court understood and addressed in the court's first order, so they need no further discussion in this motion for reconsideration.

Second, the list may be further narrowed without much discussion because four of the facts describe acts that are so innocent and normal that they simply provide no grist for the mill. These facts include: that Wilson exited the minivan on both occasions right after parking, that Wilson left the minivan and walked toward a nondescript apartment complex on the officers' first observation, and that Boarden exited the minivan at the same time as Wilson on the officers' second observation. As the court explained in its first order, the police can sometimes consider innocent behavior in determining whether reasonable suspicion exists, and the police may even make inferences from innocent behavior, but only to the extent that the

---

[1] The government argues that Wilson:

> may be prone to dropping things, but dropping keys and a cell phone on the ground and then disregarding them on two separate occasions in different locations after a squad car pulled up behind the minivan is suspicious. The most reasonable inference is that Mr. Wilson wanted to distance himself from the keys and the minivan in case he was approached by the police.

Motion at 6. This stretches the facts as described in the report. While the police report states that Wilson "disregarded" the cell phone during the first observation, for the second observation it states only that Wilson exited the vehicle, "dropping a set of keys onto the street." The officer does not note that Wilson disregarded the keys, from which one could infer that the act was intentional, or further infer that the act reveals a criminal motive. The court rejects the government's invitation to read beyond the facts contained in the report.

inferences are rational. *Terry v. Ohio*, 392 U.S. 1, 22-23, 30 (1968). The above-listed facts describe such normal, daily activities that they cannot rationally support any inference of criminal activity; most people exit their cars right after parking them, and most people park in front of their destination when they can. The government cannot prevail on its argument that the court committed a manifest error of fact in "overlooking" these facts as they do not describe anything that could reasonably be described as suspicious.

This leaves one final fact which the court did not discuss in its initial order, and which merits some discussion: that Wilson pulled the minivan over to the side of the road on two occasions, immediately after the police started following him. The government argues that this behavior supports two reasonable conclusions: first, that the police twice pulled behind the minivan right as Wilson approached his destination, or second, that Wilson noticed the squad car and then decided to pull over. Motion at 6. The government suggests that the second conclusion is the more likely, given that the behavior occurred twice in a short amount of time. Motion at 6.

In the end, there are two independently adequate reasons why the government's focus on this additional fact provides no serious support for the motion for reconsideration. First, the fact is not "newly discovered evidence" warranting reconsideration, but instead it is a fact that was known to the government when it submitted its first brief on the issue, and, as stated *supra*, a motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Insurance Co. of the West*, 438 F.3d at 819.

Second, even with due consideration of this fact, the defendant's motion to suppress must still be granted. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that an officer may conduct an investigatory stop if the officer has a reasonable suspicion supported by articulable facts that "criminal activity may be afoot." 392 U.S. 1, 30. The government bears the burden of establishing reasonable suspicion by a preponderance of the evidence. *United States v. Uribe*, 709 F.3d 646, 650 (7th Cir. 2013). The government has simply not satisfied its burden to show that a stop was appropriate in this case. The government's argument urges the court to draw inferences of criminal activity from innocent actions. And granted, the government articulates several innocent actions; however, it is the quality, not the quantity, of facts that supports a finding of reasonable suspicion and, at bottom, heaps of innocent actions do not reasonable suspicion make. The facts of this case show that the officers followed Wilson on two occasions, supposedly because they believed the minivan he was driving to be stolen, that Wilson pulled over shortly after the police started following him, and that Wilson exited his vehicle, dropping a cell phone in the first instance and then his keys in the second. Concluding from these facts that criminal activity is afoot requires a real leap; none of these activities are special or odd enough to indicate criminality. Thus, even considering the facts as relayed in the government's enhanced second round of briefing, the court concludes that it did not manifestly err in granting the defendant's motion to suppress.

Finally, the government argues that application of the exclusionary rule is unwarranted in this case because the officers' acts were not sufficiently deliberate that exclusion of the evidence could provide meaningful deterrence. Motion at 8. The court absolutely disagrees. Once again, here the

officers chose to stop Wilson and Boarden, and justified their intrusion with unsupported inferences of criminal conduct drawn from otherwise innocent actions. Exclusion of the evidence in this case sends a message to the officers that they cannot stop individuals on a hunch, and that judicial review of their actions is not a rubber stamp.

In sum, the government has not shown that reconsideration of the court's order is warranted. "A 'manifest error' is not demonstrated by the disappointment of the losing party," *Oto v. Metro. Life Ins. Co.*, 224 F.3d at 606, and, for the reasons explained above, nothing in the government's briefing persuades the court that reconsideration is proper.

Accordingly,

IT IS ORDERED that the government's motion for reconsideration (Docket #87) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 21st day of July, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge